## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 07-11470-WRS
                                                         Chapter 7

LAKE MARTIN PARTNERS LLC,

        Debtor

RESIDENTIAL CONSTRUCTION
SPECIALITIES INC.,

        Plaintiff                              Adv. Pro. No. 08-1006-WRS

    v.

LAKE MARTIN PARTNERS LLC, et al.,

        Defendants

### <u>Memorandum Decision</u>

On March 16, 2010, this Court entered an order consolidating nine Adversary
Proceedings and requiring parties to show cause why this consolidated Adversary Proceeding
should not be dismissed with prejudice and a finding that none of the parties have a valid
mechanics or materialmen's lien on the subject property. A brief history of this proceeding will
show why.

On October 19, 2007, Lake Martin Partners, LLC, filed a petition in bankruptcy pursuant
to Chapter 11 of the Bankruptcy Code. During the pendency of this bankruptcy case, nine
Adversary Proceedings were filed, involving approximately two dozen parties. In general terms,
these proceedings were an attempt to determine the extent and priority of the various liens on the
Lake Martin Partners property. On February 4, 2009, the Lake Martin Partners Chapter 11 case
was converted to a case under Chapter 7.

After conversion, the Lake Martin Partners property was sold pursuant to this Court's Order of April 3, 2009. The property was purchased at the sale by Empire Financial Services, Inc., for $16,685,000.00. At the time of the sale, the amount due Empire on its first mortgage was $18,703,603.50. Thus, the property sold for more than $2,000,000 less than the amount owed on the first mortgage.

As none of the parties who purport to hold either mechanics or materialmen's liens on the property dispute the validity or priority of the Empire Financial mortgage, and as no party has disputed the validity of the sale, there is no value to which a junior lien could attach, even if it were otherwise valid. For this reason, the issues concerning the validity of the mechanics liens are moot. For this reason, the Court will dismiss, with prejudice, this Adversary Proceeding and terminate the claims as to validity of the junior liens. It is noted that this order does not affect the amount of any of the claims by any of the parties. That is, the various parties may have unsecured claims for amounts due them, however, none of the mechanics or materialmen's liens are valid. The Court will, by way of a separate document, enter of order of dismissal.

Done this 26th day of April, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: K. Edward Sexton II, Esq.
   Cameron A. Metcalf, Esq.
   Robert P. Reynolds, Esq.
   Susan S. DePaola, Trustee
   Von G. Memory, Attorney for Trustee
   All parties in the consolidated adversary proceedings